## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KWAKU APPAU,

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civil Action No. 18-16415 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff's request for an extension of time to file an appeal of the denial of his disability insurance benefits and social security income application. (Pl.'s Req. for Extension, ECF No. 32.) On February 29, 2020, the Court affirmed the Administrative Law Judge's decision denying Plaintiff's application, (Feb. 29, 2020 Order, ECF No. 30), and, on April 29, 2020, the Court received Plaintiff's instant request for an extension of time to file an appeal. (Pl.'s Req. for Extension *1). Plaintiff states that due to the current COVID-19 pandemic, he was unable to file an appeal by the requisite due date. (*Id.*)

Generally, in a civil case, the notice of appeal required by Federal Rule of Appellate Procedure 3[1] must be filed with the district clerk within thirty days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). A party, however, may request to extend the time to file a notice of appeal if: "(i) a party so moves no later than [thirty] days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the [thirty] days after the time prescribed by this Rule 4(a) expires, th[e] party shows excusable neglect

---

[1] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Appellate Procedure.

or good cause." *Allen v. Vaughn*, 298 F. App'x 130, 133 (3d Cir. 2008) (citing Fed. R. App. P. 4(a)(5)(A)). Significantly, "[n]o extension under this Rule 4(a)(5) may exceed [thirty] days after the prescribed time or [fourteen] days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Here, Plaintiff's motion for an extension was submitted within the thirty-day time period prescribed by Rule 4(a)(5). Thus, the primary issue before this Court is whether Plaintiff has demonstrated excusable neglect or good cause warranting an extension.

A court weighs four factors to determine whether a party has demonstrated excusable neglect: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Santiago v. N.Y. & N.J. Port Auth.*, No. 11-4254, 2016 WL 3769353, at *1 (D.N.J. July 14, 2016) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 395 (1993)). The Third Circuit, however, has held that "[t]hese factors . . . do not establish a mathematical formula; the determination is at bottom an equitable one." *Kanoff v. Better Life Renting Corp.*, 350 F. App'x 655, 657 (3d Cir. 2009) (internal quotation marks and citation omitted).

With respect to the first factor, the Court finds minimal prejudice to Defendant. As Defendant did not file opposition to the instant request, it does not appear Defendant expended any additional time or resources on the matter. The only prejudice the Court can establish is Defendant's belief that the instant matter was concluded. This prejudice, however, is minimal, and the Court, therefore, finds that the first factor weighs in favor of Plaintiff. The second factor—the length of delay and its potential impact on proceedings—is substantial in the present matter, as Plaintiff's extension request came on the last possible day Rule 4(a) permitted. *See* Fed. R. App.

P. 4(a)(5)(A)(i) (permitting extension if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires"); *see, e.g.*, *Lima v. Aetna Life Ins.*, No. 12-7770, 2014 WL 4681040, at *4 (D.N.J. Sept. 22, 2014) ("[T]he Court notes that the delay is a rather minimal one, particularly because the present motion was filed just six (6) days after Plaintiff's initial deadline . . . expired."). The third factor requires the Court to consider Plaintiff's reason for delay and whether it was within his reasonable control. *Pioneer*, 507 U.S. at 395. Here, Plaintiff asserts that, "[d]ue to the COVID 19 lockdown[,] I am unable to file an appeal by the due date and will need extra time." (Pl.'s Req. for Extension *1.) Given the serious and continuing nature of the COVID-19 pandemic, its interruption upon the daily lives of citizens, and, importantly, its effect on individuals with underlying health conditions, such as Plaintiff, the Court finds that the third factor weighs heavily in favor of Plaintiff. Finally, the fourth factor requires the Court to consider whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. Here, there is no indication that Plaintiff acts in bad faith in seeking an extension to appeal.

After weighing the four *Pioneer* factors, the Court finds that Plaintiff has demonstrated excusable neglect. Accordingly,

**IT IS** on this 15th day of September 2020 **ORDERED** that:

1. Plaintiff's request for an extension to file an appeal (ECF No. 32) is **GRANTED**.
2. Pursuant to Rule 4(a)(5)(C), Plaintiff's notice of appeal must be filed by **September 29, 2020**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**